Ekwan E. Rhow - State Bar No. 174604
  erhow@birdmarella.com
Thomas V. Reichert - State Bar No. 171299
  treichert@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Plaintiffs Prospect Medical Holdings, Inc.; Prospect East Holdings, Inc.; Prospect Chartercare, LLC; Prospect Chartercare SJHSRI, LLC; Prospect Chartercare RWMC, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PROSPECT MEDICAL HOLDINGS, INC.; PROSPECT EAST HOLDINGS, INC.; PROSPECT CHARTERCARE, LLC; PROSPECT CHARTERCARE SJHSRI, LLC; PROSPECT CHARTERCARE RWMC, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>MICHAEL E. CONKLIN, JR.; and DOES 1-10, Inclusive,<br><br>Defendants. | CASE NO. 2:18-CV-09131-FMO<br><br>**FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Assigned to Hon. Fernando M. Olguin |

Plaintiffs Prospect Medical Holdings, Inc.; Prospect East Holdings, Inc.; Prospect Chartercare, LLC; Prospect Chartercare SJHSRI, LLC; and Prospect Chartercare RWMC, LLC (collectively "Plaintiffs"), by and through their undersigned counsel, allege as follows in their First Amended Complaint against Defendants Michael E. Conklin, Jr. ("Conklin"); and DOES 1-10 (collectively, "Defendants"):

3534719.6

## JURISDICTION AND VENUE

1. This Court has personal jurisdiction over Conklin because he directed tortious activities at Prospect Medical Holdings, Inc. ("Prospect"), a California corporation. Those activities give rise to the claims here asserted, including Conklin's solicitation, negotiation, and completion of an Asset Purchase Agreement with Prospect, a California corporation; as well as Conklin's on-site visit to this forum in aid of the completion of the Asset Purchase Agreement.

2. Venue is proper in this county in accordance because Plaintiffs suffered injury in this county.

## THE PARTIES

3. Prospect Medical Holdings, Inc. ("Prospect") is, and at all times material to this action was, a corporation organized under the laws of the State of Delaware with its principal office and place of business in Los Angeles, California.

4. Prospect East Holdings, Inc. ("Prospect East") is, and at all times material to this action was, a corporation organized under the laws of the State of Delaware with its principal office and place of business in Los Angeles, California. Prospect East is a wholly owned subsidiary of Prospect.

5. Prospect Chartercare, LLC ("Prospect Chartercare") is, and at all times material to this action was, a limited liability company organized under the laws of the State of Rhode Island, with its principal office in Providence, Rhode Island. Prospect East holds an 85% ownership interest in Prospect Chartercare, with the remaining 15% held by Chartercare Community Board ("CCCB"), formerly known as Chartercare Health Partners ("CCHP").

6. Prospect Chartercare SJHSRI, LLC ("Prospect SJHSRI") is, and at all times material to this action was, a limited liability company organized under the laws of the State of Rhode Island, with its principal office in Providence, Rhode Island. Prospect SJHSRI is a wholly-owned subsidiary of Prospect Chartercare.

7. Prospect Chartercare RWMC, LLC ("Prospect RWMC") is, and at all times material to this action was, a limited liability company organized under the laws of the State of Rhode Island, with its principal office in Providence, Rhode Island. Prospect RWMC is a wholly-owned subsidiary of Prospect Chartercare.

8. Plaintiffs allege, upon information and belief, that Defendant Conklin is an individual who resides in Walpole, Massachusetts. Conklin is the former Senior Vice President and Chief Financial Officer of CCHP.

9. Plaintiffs do not know the true names and capacities, whether individual, corporate, associate or otherwise of DOES 1-10. Plaintiffs therefore sue such defendants by such fictitious names and will ask leave of this court to amend this Complaint to show their true names and capacities when the same has been ascertained. Each defendant named herein as a DOE is in some way liable to Plaintiffs for the causes of action alleged herein.

## FACTUAL ALLEGATIONS
### The CCHP Acquisition

10. Prospect, through its affiliated companies, owns and operates a nationwide network of hospitals and medical groups, including in Los Angeles, California, that provide comprehensive and coordinated medical care for its patients throughout the United States.

11. Prior to the formation of Prospect Chartercare, CCHP owned two entities that in turn owned and operated two hospitals in Rhode Island: Our Lady of Fatima Hospital ("Fatima"), which was owned by St. Joseph Health Services of Rhode Island, Inc. ("SJHSRI"), and Roger Williams Medical Center ("Roger Williams"). SJHSRI also operated a defined benefit pension plan for its employees, the St. Josephs Health Services of Rhode Island Retirement Plan (the "Plan").

12. In or around March 2013, Prospect and CCHP signed a letter of intent under which Prospect, through a subsidiary, would acquire substantially all of the assets of CCHP (the "Acquisition").

13. On information and belief, Conklin was a high-level executive of CCHP who actively solicited and induced Prospect's involvement in the Acquisition.

14. On information and belief, in June 2013, Conklin traveled to California in order to further solicit and induce Prospect to enter into the Acquisition (the "Visit").

15. During the Visit, Conklin visited Prospect's offices in Orange, California to obtain information regarding Prospect's business practices.

16. During the Visit, members of Prospect senior management hosted a dinner for Conklin and other CCHP executives at Valentino Restaurant in Santa Monica, California.

17. At the dinner, Conklin discussed the Acquisition, including the Plan, with Frank Saidara – Prospect's Vice President, Corporate Development. Among other things, Conklin represented to Saidara that the Acquisition would allow CCHP to keep the Plan funded for the future.

18. On or around September 24, 2013, Prospect, CCHP, and other related entities entered into an Asset Purchase Agreement ("APA") by which Prospect, through Prospect Chartercare, would acquire substantially all of the assets of CCHP and its related companies.

19. On or around June 2014, the Acquisition closed, transferring substantially all of CCHP and its related companies' assets to Prospect Chartercare. Pursuant to the terms of the APA, CCHP acquired a 15% interest in Prospect Chartercare, while Prospect, through its subsidiary Prospect East, held the remaining 85%. At this time, pursuant to the terms of the APA, Prospect did not acquire any interest in or liabilities of the Plan.

20. On information and belief, Conklin was intimately involved in the process leading up to the Acquisition, including with respect to the negotiating the

terms of the APA and representations therein.  Throughout this process, Conklin was fully aware that the Plan was underfunded and may potentially go insolvent.

21. Despite this, Conklin did not provide Prospect with any information regarding the potential solvency issues of the Plan, or whether such issues would have any financial consequences for Prospect.  To the contrary, Conklin actively misrepresented and omitted information regarding the status of the Plan, in order to induce Prospect to enter into the Acquisition.

22. For the same purpose, Conklin knowingly made material misrepresentations regarding the status of the Plan to Rhode Island regulatory authorities in order to gain approval for the transaction and further induce Prospect to enter into the Acquisition.

23. On May 6, 2014, Conklin – who knew the Plan was underfunded and would continue to be underfunded after the Acquisition – appeared before the Committee and testified that the "recommended contributions going forward" to fund the Plan were $600,000 per year, and that those contributions would be paid by SJHSRI's annual income from outside trusts, as well as by CCCB from income earned through its 15% interest in Prospect Chartercare.  (Ex. A, 31-2).

24. Upon information and belief, Conklin was aware that the recommended contributions would be significantly higher than $600,000, and that no income was imminently anticipated from the 15% interest in Prospect Chartercare.

**The Plan's Insolvency and the Class Actions**

25. On or around August 18, 2017, SJHSRI filed a Petition for the Appointment of a Receiver (the "Petition") (Ex. B) in the Rhode Island Superior Court, requesting that a temporary receiver be appointed immediately to take charge of the Plan.

26. SJHSRI represents in the Petition that prior to the Acquisition, it provided hospital and related medical services to communities in northern Rhode

Island.  In connection with those services, SJHSRI coordinated compensation and benefits for its employees, including the Plan.  (Ex. B, ¶ 1).

27. SJHSRI further represents in the Petition that in June 2014, substantially all of the operating assets of CCHP and its subsidiaries, including SJHSRI, were sold to Prospect Chartercare as part of the Acquisition.  At that time, the Plan was closed to new participants.  Neither Prospect nor Prospect Chartercare assumed the Plan or any liability thereto. (Ex. B, ¶ 2).

28. SJHSRI further represents in the Petition that pursuant to an analysis prepared by the Plan's actuary, it has learned that the Plan was severely underfunded and that absent judicial intervention, the Plan would be terminated and current Plan beneficiaries would only receive approximately 60% of their accrued benefits and all other beneficiaries would receive nothing. (Ex. B, ¶¶ 11-12).

29. On or around August 18, 2017, the Rhode Island Superior Court appointed Stephen Del Sesto as temporary receiver for the Plan. On or around October 11, 2017, the Superior Court appointed Del Sesto as permanent receiver (the "Receiver").

30. On or around June 18, 2018, the Receiver filed a class action alleging, *inter alia*, fraud claims relating to the Plan in Rhode Island Superior Court, Case No. PC-2018-4386, against Plaintiffs, CCCB, SJHSRI, and other defendants, seeking to hold them liable for the Plan's insolvency ("State Class Action") (Ex. C).

31. On or around June 18, 2018, the Receiver also filed a class action alleging, *inter alia*, ERISA and state law claims relating to the Plan in the United States District Court for the District of Rhode Island, Case No. 1:18-cv-00328, against Plaintiffs, CCCB, SJHSRI, and other defendants ("Federal Class Action") (Ex. D).

32. Both the State Class Action and the Federal Class Action (the "Class Actions") allege that on or about December 2, 2013, Plaintiffs requested an actuarial estimate of funding levels from the Plan actuary. The Class Actions allege that the

actuary calculated a funding level of over 90% based on an assumed rate of return of 7.75%. (Ex. C, ¶¶ 141-3; Ex. D, ¶¶ 249-51).

33. The Class Actions allege that on or about December 13, 2013, Conklin was personally informed by Mercer (US) Inc., the company managing the Plan's portfolio, that the funding level was actually closer to 50% when calculated on a current market basis. (Ex. C, ¶¶ 143-4; Ex. D, ¶¶ 251-2).

34. Plaintiffs relied on Conklin's representations and omissions regarding the funding status of the Plan in entering into the Acquisition. As a result, Plaintiffs have suffered significant financial loss in connection with the Class Actions.

35. To date, Plaintiffs have expended in excess of $2,000,000 in investigation costs and attorneys' fees in connection with the Class Actions.

36. Plaintiffs will continue to incur additional investigation costs and attorneys' fees throughout the pendency of the Class Actions.

37. Depending on the result of the Class Actions, Plaintiffs may also become liable for significant damages.

38. If it is determined that Plaintiffs are liable for any part of the damages claimed in the Class Actions, Conklin is responsible for such damages due to the misrepresentations and omissions that Conklin made regarding the Plan's potential insolvency, or the potential consequences of such insolvency to Plaintiffs.

## FIRST CAUSE OF ACTION
### (Equitable Indemnity)

39. Plaintiffs hereby re-allege and incorporate by reference the allegations contained in the preceding paragraphs, as though set forth fully herein.

40. Plaintiffs are entitled to equitable indemnity, apportionment of liability, and/or contribution from Defendants for the reasonable investigation costs and attorneys' fees they have incurred and will incur in connection with the Class Actions and related legal proceedings, based on Defendants' responsibility in

causing Plaintiffs to enter into the Acquisition without knowledge of the Plan's potential insolvency, or the potential consequences of such insolvency to Plaintiffs.

41.    Plaintiffs deny the allegations made in the Class Actions against Plaintiffs, and deny that Plaintiffs either caused or contributed to the damages alleged therein.  If, however, it is determined that Plaintiffs are responsible for any part of the money sought in the Class Actions, then Plaintiffs are entitled to equitable indemnity, apportionment of liability, and/or contribution from Defendants for the alleged damages, based on Defendants' responsibility in causing Plaintiffs to enter into the Acquisition without knowledge of the Plan's potential insolvency, or the potential consequences of such insolvency to Plaintiffs.

## SECOND CAUSE OF ACTION
### (Fraudulent Concealment)

42.    Plaintiffs hereby re-allege and incorporate by reference the allegations contained in the preceding paragraphs, as though fully set forth herein.

43.    As alleged more fully in the paragraphs above, Defendants deliberately concealed or suppressed material facts concerning, without limitation, the Plan's potential insolvency, or the potential consequences of such insolvency to Plaintiffs.

44.    Defendants were under a duty to disclose the true facts to Plaintiffs.

45.    Defendants acted with the intent to induce Plaintiffs to rely on his concealment of material facts to enter into the Acquisition based on the expectation that the Plan was financially sound.

46.    Plaintiffs were unaware of the true facts and justifiably relied on the material completeness of Defendants' representations.

47.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered and will continue to suffer substantial damages in an amount to be ascertained at trial.

48.    Defendants acted willfully, oppressively, maliciously, and in wanton and conscious disregard of the rights of Plaintiffs.  Accordingly, punitive damages

should be assessed against Defendants in an amount that will be sufficient to discourage them from engaging in such misconduct.

### THIRD CAUSE OF ACTION
### (Intentional Misrepresentation)

49. Plaintiffs hereby re-allege and incorporate by reference the allegations contained in the preceding paragraphs, as though fully set forth herein.

50. As alleged more fully in the paragraphs above, Defendants deliberately concealed or suppressed material facts concerning, without limitation, the Plan's potential insolvency, or the potential consequences of such insolvency to Plaintiffs.

51. Defendants made these misrepresentations or omissions of fact with knowledge or belief in their falsity, or with recklessness without regard for the truth of the representations.

52. Defendants acted with the intent to induce Plaintiffs to rely on his misrepresentation of material facts to enter into the Acquisition based on the expectation that the Plan was financially sound.

53. Plaintiffs were unaware of the true facts and justifiably relied on Defendants' misrepresentations.

54. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered and will continue to suffer substantial damages in an amount to be ascertained at trial.

55. Defendants acted willfully, oppressively, maliciously, and in wanton and conscious disregard of the rights of Plaintiffs.  Accordingly, punitive damages should be assessed against Defendants in an amount that will be sufficient to discourage them from engaging in such misconduct.

### FOURTH CAUSE OF ACTION
### (Negligent Misrepresentation)

56. Plaintiffs hereby re-allege and incorporate by reference the allegations contained in the preceding paragraphs, as though fully set forth herein.

57. As alleged more fully in the paragraphs above, Defendants made false representations of material fact or material omissions concerning, without limitation, the Plan's potential insolvency, or the potential consequences of such insolvency to Plaintiffs.

58. Defendants made these misrepresentations, omissions, or concealment of material facts without reasonable grounds for believing them to be true, and with the intent to induce Plaintiffs to rely on this information to enter into the Acquisition based on the expectation that the Plan was financially sound.

59. Plaintiffs were unaware of the true facts and justifiably relied on these misrepresentations or omissions of fact.

60. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered and will continue to suffer substantial damages in an amount to be ascertained at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

A. For equitable indemnity against the claims in the Class Actions, including all compensatory damages and restitution in an amount to be proven at trial for all losses and damages incurred due to the Class Actions and any related lawsuits;

B. Compensatory damages and restitution in an amount to be proven at trial for all losses and damages caused by the conduct of Defendants;

C. Punitive damages in an amount to be proven at trial for Defendants' willful and malicious conduct;

D. All costs of suit incurred herein, including reasonable attorneys' fees;

E. Pre-judgment and post-judgment interest in the maximum amounts provided by law; and

F. Such other and further relief as this Court deems just and proper.

DATED:  December 5, 2018

Ekwan E. Rhow
Thomas V. Reichert
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By: _____
Ekwan E. Rhow
Attorneys for Plaintiffs Prospect Medical Holdings, Inc.; Prospect East Holdings, Inc.; Prospect Chartercare, LLC; Prospect Chartercare SJHSRI, LLC; Prospect Chartercare RWMC, LLC

## JURY DEMAND

Plaintiffs demands a jury trial on the aforementioned causes of action.

DATED: December 5, 2018

Ekwan E. Rhow
Thomas V. Reichert
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By: /s/ Ekwan E. Rhow

Ekwan E. Rhow
Attorneys for Plaintiffs Prospect Medical Holdings, Inc.; Prospect East Holdings, Inc.; Prospect Chartercare, LLC; Prospect Chartercare SJHSRI, LLC; Prospect Chartercare RWMC, LLC